ALD-108                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2885
_____

AARON L. HENRY,
                          Appellant

v.

WARDEN JAMES T. VAUGHN CORRECTIONAL CENTER;
MARC RICHMOND; ROBERT COUPE; DR. MUNOS, Mental Health Director;
DR. RICHARDS, Correction Officer, Mental Health Director
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00436)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 21, 2019
Before:  MCKEE, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 1, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Aaron L. Henry is an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware. In April 2017, he filed a pro se civil rights complaint under 42 U.S.C. § 1983 against the prison warden and several other defendants. Henry alleged that he has a number of medical conditions and is disabled from a prior accident, and that he has been losing weight since December 2015. He stated that his condition is worsening, and that the defendants denied him adequate medical and mental health care. He later supplemented his complaint, stating, among other things, that he waited seventy-two hours after a PTSD breakdown before he was seen by the defendant Dr. Paola Munoz, and that he was placed in isolation with unclean confinement conditions. As relief, Henry sought prompt medical and mental health care, firing of the defendants and transfer to a different correctional facility where he received better medical care, and damages.

In June 2017, the District Court granted Henry's motion for leave to proceed in forma pauperis and screened the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The District Court evaluated whether the complaint stated a cognizable Eighth Amendment violation concerning inadequate medical care and concluded that the complaint was deficient as presented. The District Court explained that the allegations of wrongdoing did not identify any particular defendants or specify that the defendants named in supervisory positions were personally responsible for Henry's injuries. The District Court also noted the lack of relevant dates and detail regarding the allegations. Accordingly, the District Court dismissed the complaint for failure to state a claim upon which relief may be granted but provided leave for Henry to file an amended complaint.

In July 2017, Henry filed a response containing additional allegations, which the District Court treated as his amended complaint. Henry provided supplemental materials, including prison grievance documents. As with the initial complaint, the District Court found that the amended complaint materials did not reference any of the named defendants. The District Court again dismissed the complaint for failure to state a claim and granted Henry one final opportunity to amend his pleading by December 18, 2017, warning that the case would be closed if Henry did not file a second amended complaint. The District Court also denied Henry's motion to reconsider an order requiring filing fee payments, noting that the in forma pauperis statute obligates prisoners to pay the fee under the provisions of § 1915(b)(1). Henry requested and received two additional periods to comply, with February 12, 2018 being the final deadline.

Henry did not file a second amended complaint but continued to file motions for medical document production and a motion for waiver of the filing fees. In July 2018, Henry also filed a motion for injunctive relief, stating that, despite receiving a colonoscopy, medication for a bacterial issue, blood laboratory testing, and a prescription for a "weight-gainer" medication, he continued to lose weight. In an attachment to the motion, Henry stated that he went on a hunger strike for fourteen days, in an effort to obtain medical attention and to test whether prison food was causing his weight loss.[1] Henry stated that unnamed defendants failed to provide a correct diagnosis for his illness or provide him with proper treatment or access to outside specialists. Upon direction by

---

[1] Henry stated that he weighed 154 pounds, down from 242 pounds in December 2015.

3

the District Court, the prison warden filed a response to the motion for injunctive relief. The warden also provided an affidavit by Dr. Awele Maduka-Ezeh, an employee of the Delaware Department of Correction in the Bureau of Correctional Healthcare Services, who reviewed Henry's medical file and summarized his history of medical testing and treatment[2] since Henry reported weight loss in May 2016. The District Court concluded that Henry did not demonstrate a likelihood of success on his claims and thus denied his motion for injunctive relief. Further, because Henry still had not filed an amended complaint, the District Court directed the court clerk to close the case. Also, the District Court denied the motion to waive the filing fee and denied the remaining motions as moot. Henry appeals. He has filed a counsel motion and a letter in support of his appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Because Henry has been granted in forma pauperis status pursuant to § 1915, we review this appeal for possible dismissal § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit. We exercise plenary review over the District Court's § 1915(e)(2)(B)(ii) dismissal of Henry's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by including facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). While we review a district court's ultimate denial of a preliminary

---

[2] The affidavit lists the following: esophago-gastro-duodenoscopy, colonoscopy, stomach and small intestine biopsy, treatment of H. Pylori infection, abdominal ultrasound, barium swallow, bloodwork, and testing for HIV, hepatitis C, tuberculosis, syphilis, and thyroid function.

injunction for abuse of discretion, we review factual findings for clear error and examine legal conclusions under a de novo standard.  See Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009).

For substantially the same reasons given by the District Court, we conclude that the District Court did not err in dismissing Henry's complaint for failure to state a claim or in denying preliminary injunctive relief.  To state an Eighth Amendment claim based on inadequate medical treatment, a plaintiff must allege that the defendants were deliberately indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104–105 (1976).  He can plead "deliberate indifference" by alleging that the defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that they] also [drew] the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Because this is an action under § 1983, Henry cannot rely solely on respondeat superior as a theory of liability; rather, he must show that the defendants were personally involved in his medical treatment by alleging personal direction, actual knowledge, or acquiescence.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Upon review of Henry's documents filed with his complaint and amended complaint, we see no facts alleging that any of the defendants were personally involved in his medical treatment, with the exception of Dr. Munoz.  In a supplement to his initial complaint, Henry alleged that Dr. Munoz provided treatment while he was in isolation custody, but he did not allege that she intentionally denied, delayed, or interfered with his medical treatment.  See Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017).

5

Henry did not file a second amended complaint to allege the defendants' involvement in his claims, despite receiving extensions of time to do so.

Months after the deadline passed for filing a second amended complaint, Henry filed his motion for injunctive relief, together with a supplement. Even considering the allegations in this filing, the result is the same. Henry did not identify any personal involvement by the named defendants. Also, based on his own allegations, he had a number of studies performed, including a colonoscopy, blood laboratory studies, as well as a throat study, and he was prescribed medication for his weight loss. Henry insisted that medical staff should be doing more for him, such as arranging for specialist care or transfer to the hospital for additional testing.[3] However, even if Henry had alleged the requisite personal involvement by the defendants, allegations of negligent medical treatment are not sufficient to state an Eighth Amendment claim. See Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).

For similar reasons, we discern no error in the District Court's denial of preliminary injunctive relief. To obtain this "extraordinary remedy," the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). The

---

[3] Henry stated that he had undertaken a fourteen-day hunger strike, both to call attention to his weight loss and also to rule out whether prison food was the source of his medical issues.

6

District Court addressed only the first element, that Henry failed to establish a likelihood of success on the merits, which is sufficient.  See Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014) ("The failure to establish any element . . . renders a preliminary injunction inappropriate.") (internal quotation marks and citations omitted).

Finally, because the provisions of the in forma pauperis statute obligates prisoners to pay the full amount of the filing fee, in the manner described in § 1915(b)(1), we agree with the District Court's denial of Henry's motion for a waiver of the fees.

Accordingly, we will we will affirm the District Court's judgment.  Henry's motion for appointment of counsel is denied.